IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JACKIE DALE FRANKLIN**                                                                       **PLAINTIFF**

**v.**                                         **CAUSE NO. 3:22-cv-239-CWR-LGI**

**COMMISSIONER BURL CAIN, ET AL**                                     **DEFENDANTS**

**REPORT AND RECCOMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court for a Report and Recommendation on *Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies* [33], filed on November 29, 20022 by Defendants Burl Cain, Donald Jackson, and Donald Faucett, and joined by Defendants Dr. Arnold, Misty Mayfield, and Lula Hull, via *Joinder in Motion for Summary Judgment* [35], filed on December 1, 2022 (collectively, "Defendants").

Plaintiff Jackie Dale Franklin ("Plaintiff" or "Franklin") subsequently filed his own *Motion for Summary Judgment Based on Deliberate Indifference* [47] on December 19, 2022. Since Plaintiff failed to timely respond to Defendants' Motion, his Motion [47] will be construed as a Response to Defendants' Motion for Summary Judgment. Similarly, Defendants' *Response to Plaintiff's Motion for Summary Judgment* [49], filed on January 3, 2023, will be construed as a Reply. Likewise, the Court construes Plaintiff's *Response to Defendant's Motion for Summary Judgment* [50], [54] as Rebuttals.

Having considered the submissions, the record, and relevant law, the undersigned recommends that Defendants' Motion for Summary Judgment [33] be granted. The undersigned finds that Plaintiff failed to exhaust available administrative grievance procedures before filing his Complaint. All Defendants are therefore entitled to summary judgment as a matter of law.

I.     **Relevant Procedural History**

Plaintiff, a postconviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), brought this case *pro se* and *in forma pauperis* using a form available to prisoners for filing complaints for violations of civil rights pursuant to 42 U.S.C. § 1983. On May 6, 2022, Franklin filed suit against Defendants.

Defendants filed a Motion for Summary Judgment [33] on November 29, 2022. An Omnibus Hearing [44] was held on December 6, 2022. Franklin filed a Response [47] on December 19, 2022. Defendants filed a Reply [49] on January 3, 2023. Franklin filed two Rebuttals. *See* Docs. [50] and [54].

II.    **Factual Background**

Franklin is incarcerated at East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi, and Franklin was incarcerated at EMCF when the alleged events giving rise to this lawsuit began. Franklin alleges Defendants are withholding his medication in violation of his 8th Amendment right to be free from deliberate indifference of chronic needs of an inmate. [1] at 3. Specifically, Franklin alleges that he has been denied medication for his condition of Hepatitis-C since his diagnosis in January 2017. [1] at 4. Franklin believes he is entitled to antiviral medication that would likely cure his condition. He claims that a denial of such treatment places him at higher risk for death and sickness. [1] at 4. Franklin also claims the only treatment he has received since his diagnosis is monitoring every three months. *Id*.

Franklin claims he first filed a grievance on March 15, 2022. *See* Omnibus Hearing Transcript, Doc. [44] at 32[1]. Franklin filed an Administrative Remedy Program ("ARP") grievance on April 17, 2022. Doc. [33-1] at 3. This grievance requested antiviral treatment for

---

[1] This document has not been produced as evidence. *Id*.

2

Hepatitis-C, actual damages of $500,000, and punitive damages of $500,000. *Id.* Franklin admitted that the grievance he alleges to have filed in March was essentially the same as the grievance filed in April. Doc. [44] at 34. The April grievance was received by EMCF's ARP Department on May 27, 2022. *Id.* Notably, this grievance was received by EMCF twenty-one days *after* Franklin filed his Complaint in this Court. Franklin's ARP grievance request was rejected on August 16, 2022, because it was "beyond the power of ARP." Doc. [33-1] at 2.

At any rate, in December 2022, Franklin began receiving the requested Hepatitis-C medication. Omnibus Hearing Transcript, Doc. [44] at 13. Now, Franklin's "only complaint is what took them so long to do it and all the pain and suffering [he] had to go through." *Id.* at 14, 26.

In their *Motion* [33], [35] Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust MDOC's administrative grievance procedure before filing this case.

**STANDARD**

**I.     Summary Judgment**

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When ruling on a motion for summary judgment, courts must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.*, 635 F.3d 734, 736 (5th Cir. 2011) (citing *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir.2010)).

If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial." *Blanks v. Claiborne*, 2014 WL 1236005, at *2 (S.D. Miss. Mar. 25, 2014) (citing *Little,* 37 F.3d at 1075)). Without proof, courts do not "assume that the nonmoving party could or would prove the necessary facts." *Id*. (emphasis omitted).

The nonmovant is not required to respond to the motion until the movant properly supports its motion with competent evidence. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991), *cert. denied*, 503 U.S. 987, 112 S. Ct. 1675, 118 L. Ed. 2d 393 (1992). If the moving party has made an affirmative showing that it is entitled to summary judgment, the burden shifts to the nonmoving party to come forward with evidence that creates a genuine issue for trial. *Celotex*, 477 U.S. at 330. Even so, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little*, 37 F.3d 1069, 1075)). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**The Exhaustion Requirement**

Under the Prison Litigation Reform Act ("PLRA"), Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies before suing:

4

> Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
> > No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement - the grievance process must be carried through its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16-cv-82-RHW, 2016 WL 7335645, at 2 (S.D. Miss. Dec. 16, 2016).

The law also requires that prison officials be provided fair notice of a prisoner's specific complaints, as well as the "time and opportunity to address [the] complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). "[F]or many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem." *Id*. at 522. But exhaustion is not per se inadequate just because a prison official sued in a § 1983 action was not named in the administrative grievance. *Jones v. Bock*, 549 U.S. at 218. Rather, the prison's grievance procedure controls, and that procedure may require the prisoner to reference a particular official. *Id. See also Marsalis v. Cain*, Civil Action No. 12-0799, 2014 WL 51215 (M.D. La. Jan. 7, 2014) (claims not raised "and/or were only alluded to so minimally

5

as to be insufficient to provide fair notice to prison officials of the plaintiff's specific complaints . . ." were unexhausted; no mention of the individual defendant made in grievance). Generally, the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

"Proper exhaustion is determined by reference to the state grievance procedures." *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (citing *Woodford*, 548 U.S. at 217-218). Under Miss. Code Ann. § 47-5-801, the MDOC has established a two-step ARP process that prisoners must exhaust before suing under the PLRA. *Carroll v. Lee*, Civil Action No. 4:16-cv-157-MPM-RP, 2017 WL 2704121, at 3 (N.D. Miss. June 22, 2017).

"The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident." If the inmate is dissatisfied with the response, "he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator." *Id.* (citing *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at 2 (S.D. Miss. May 29, 2013)).[2] "If the inmate is unsatisfied with that response, he may file suit in state or federal court." *Id.*

Ignorance of the exhaustion requirement, or the procedure for seeking a remedy, does not ordinarily excuse the failure to exhaust. *McCray v. Fryer*, No. 11-1349, 2014 WL 4354537 at *3 (W.D. La. Sept. 2, 2014) (citing *Gonzalez v. Crawford*, 419 F. App'x 522, 523 (5th Cir. 2011) ("[A]lleged ignorance of the exhaustion requirement, or the fact that [the inmate] might have

---

2. The ARP process is provided in the MDOC Inmate Handbook, which is available at http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. The Court may take judicial notice of MDOC's Inmate Handbook. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see, e.g.*, *Smith v. Polk Cty., Fla.*, No. 805-cv-884-t-24, 2005 WL 1309910, at 3 (M.D. Fla. May 31, 2005) (taking judicial notice of inmate handbook and grievance procedures stated in it).

6

misconstrued the language in the handbook, does not excuse his failure to exhaust.")); *Simkins v. Bridges*, 350 F. App'x 952, 953 (5th Cir. 2009). The requirement of exhaustion is statutory and is absolute under the law. 42 U.S.C. § 1997. Unlike a judge-made exception, under the statute, this Court has no authority to review a claim that was not properly exhausted.

Although Congress has statutorily mandated exhaustion, the statute itself provides an exception. Under § 1997e(a), the exhaustion requirement hinges on the "availability" of administrative remedies. Inmates are required to exhaust the remedies available, but there is no exhaustion requirement where the remedies are unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). An administrative remedy may be unavailable where prison officials are unable or unwilling to provide relief; where the scheme is "so opaque that it becomes, practically speaking, incapable of use" by an ordinary inmate, or "prison administrators 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Brantner v. Freestone Cty Sheriff's Off.*, 776 F. App'x 829, 833 (5th Cir. 2019) (quoting Ross, 136 S. Ct. 1859-60). The resolution of whether the process is "available" may turn on questions of fact. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Even though the Fifth Circuit requires "strict compliance" with a facility's grievance process, it has "long recognized the importance of ensuring that inmates have avenues for discovering the procedural rules governing their grievances . . . ." *Id*. at 268.

Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, to warrant summary judgment in their favorm the burden rests on Defendants to demonstrate that Plaintiff failed to exhaust his available administrative remedies before filing this suit. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies before suing. *See* 42 U.S.C. §

1997e(a). Here, all Defendants assert Franklin failed to adhere to MDOC's ARP requirements before filing this lawsuit, warranting dismissal of his claims, as discussed below.

## ANALYSIS

Defendants argue they are entitled to summary judgment as to Franklin's claim, because Franklin failed to exhaust the administrative remedies available under MDOC's ARP, warranting dismissal under PLRA. *See* Doc. [34]. Defendants assert that no evidence has been produced that Franklin filed a grievance in March 2022, as Franklin had claimed. In support of this assertion, Defendants offer the affidavit of Joseph Cooley, an investigator for the Administrative Remedy Program. The content of the affidavit provides:

> [J]oseph Cooley, Investigator II of the Administrative Remedy Program. . . under oath [attests] (1) That I am an adult citizen of the State of Mississippi, County of Forrest. (2) That I am custodian of the Administrative Remedy Program at the South Mississippi Correctional Institution. (3) That a request was made to determine if offender Jackie Franklin, 106662 had submitted an ARP request to the East Mississippi Correctional Facility concerning treatment for Hepatitis-C. (4) That the request would have been submitted in March of 2022. (5) That we were informed by the ARP staff at the East Mississippi Correctional Facility that they do not show receiving a request in this time frame.

Doc. [58-1], Affidavit.[3] Thus, Defendants assert Franklin filed a grievance on April 17, 2022, which was received by the EMCF ARP Department on May 27, 2022. Doc. [33-1] at 3. Franklin's grievance was therefore received after he filed suit on May 6, 2022.

EMCF's ARP established a two-step process that must be satisfied to exhaust administrative remedies before suing. Doc. [49-1] at 4-5. The First Step involves the offender writing a letter to the ARP director in which the claimant sets out the basis of their claim and the

---

3    On May 19, 2023, this Court ordered Defendants to supplement their briefing with record evidence, supporting affidavit(s), and so on to address Plaintiff's contention that an ARP was initially submitted in March 2022. *See* Order [57]. On May 26, 2023, MDOC Defendants filed a Response, which included as an exhibit a supporting affidavit. *See* Doc. [58]; *see also* Doc. [59] (Medical Defendant's Response, relying on the affidavit [58-1] submitted by MDOC Defendants). On June 12, 2023, Franklin filed a Response [61] to the Court's Order [57].

relief sought. *Id.* The First Step Respondent then has 40 days to respond to the offender from the date the request is received. Doc. [49-1] at 5.

The Second Step is essentially an appeal. *Id.* If the offender is dissatisfied with the response to the First Step, he may appeal to the ARP director within five days of receipt of the decision. *Id.* A final decision on the grievance will be made, and the offender will subsequently be notified within 45 days of receipt. *Id.* If the offender is still not satisfied, then and only then may he sue in court. *Id.*

Franklin filed a grievance on April 17, 2022. He then filed suit on May 6, 2022. His grievance was not received until May 27. Since Franklin filed suit before EMCF received his grievance, he failed to complete the First Step. For this reason, Franklin did not exhaust his administrative remedies before suing.

Franklin claims he submitted a grievance in March 2022, but no such evidence has been produced. In his response to this Court's Order [57] requesting additional evidence of the May 2022 grievance, Plaintiff reiterated his previous arguments and asserted Defendants' failure to timely respond to his grievance afforded him the right to move on the next step in the grievance process. Doc. [61] at 1-2. But Plaintiff offers no information or documentation to show that the May 2022 grievance was properly filed with the ARP Department. *Id.* Under the *Celotex* summary judgment standard, the burden shifts to Franklin to produce such evidence. By failing to provide any evidence of this grievance being filed before the April 2022 grievance, Franklin has failed to meet that burden of rebuttal.

To survive summary judgment, Franklin must have shown evidence that, before filing his lawsuit on May 6, 2022, he exhausted the Two-Step grievance procedures. Practically speaking, this means that Franklin must have shown at least more than a scintilla of evidence that he: 1) filed

9

a grievance; 2) received a rejection; 3) filed a response indicating his dissatisfaction; and 4) received a final decision—all before the initiation of his lawsuit. Since MDOC did not receive his grievance until after his complaint was filed, it would be a technical impossibility for Franklin to have exhausted his administrative remedies before filing. For these reasons, no reasonable juror could side with Franklin.

Franklin may argue that MDOC failed to timely respond to his grievance, but this is not germane to the fundamental issue of exhaustion. Under MDOC's Grievance Procedures, "The First Step Respondent will respond to the offender within 40 days from the date the request is received at the First Step." Doc. [49-1] at 5. Since Franklin's first step grievance was received on May 27, 2022, this means that MDOC had until July 6, 2022 to respond. MDOC did not respond until August 16, 2022.

The Fifth Circuit has held that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted" before suing. *Gonzalez v. Seal*, 702 F.3d 785, 788. (5th Cir. 2012). In that case, the court reversed the district court's denial of summary judgment even though the plaintiff exhausted his administrative remedies after his lawsuit was filed. *Id.* "It is irrelevant whether exhaustion is achieved during the federal proceeding." *Id.*

Franklin still has not exhausted his administrative remedies. Regardless of MDOC's failure to timely respond to Franklin's grievance, the material fact remains undisputed: Franklin failed to exhaust administrative remedies, before suing.

Franklin may have a stronger case to survive summary judgment had he waited at least 40 days from receipt of his grievance before suing. If that were the case, he may argue that he was functionally deprived of completing the Second Step because of MDOC's failure to timely respond

10

and thus complete the First Step. But according to the evidence put forth by the parties, Franklin filed suit *before* MDOC's receipt of his grievance. In other words, Franklin did not allow MDOC to complete the First Step prior to initiating his suit. This unequivocally means that Franklin failed to exhaust before filing this lawsuit.

There is no genuine dispute that Franklin filed this lawsuit before MDOC received his underlying grievance, which serves as the foundation for this lawsuit. Because he failed to complete the First Step of the requisite Two-Step grievance procedures, Franklin failed to exhaust his administrative remedies before initiation of the claim. For these reasons, summary judgment should be granted.

## **RECOMMENDATION**

It is recommended that *Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies* [33] and [35], should be GRANTED, and the case against Defendants Burl Cain, Donald Jackson, Donald Faucett, Dr. Arnold, Misty Mayfield, and Lula Hull should be DISMISSED with prejudice.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive more evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within

fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

    SO ORDERED this the 28th day of June, 2023.

                                                                   /s/ LaKeysha Greer Isaac
                                                 UNITED STATES MAGISTRATE JUDGE